IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STANLEY R. WAY, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:09-CV-255 |
| § | |
| RICK THALER, § | |
| Director, Texas Dep't of Criminal Justice § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

### REPORT AND RECOMMENDATION TO
### DENY PETITION FOR WRIT OF HABEAS CORPUS

Petitioner STANLEY R. WAY has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his a parole revocation. Petitioner is currently incarcerated on a 1985 conviction out of Tom Green County for the offense of burglary of a habitation and the resulting forty-five-year sentence. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend:

1. The Texas Department of Criminal Justice (TDCJ) violated the Ex Post Facto Clause of both the Texas and Federal Constitution by failing to credit him for six years of time spent on mandatory supervision ("street-time credit").

2. The TDCJ violated section 508 of the Texas Government Code by failing to credit petitioner with six years of street-time credit.

II.
NO CONSTITUTIONAL RIGHT TO STREET-TIME CREDITS

Apart from circumstances not raised by the instant petition, it is well established that an inmate does not have any constitutional right to street-time credits. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). Traditionally, because "Texas statutory law allows the Board of Pardons and Paroles to disregard the time a prisoner spends on mandatory supervision" when he violates the terms of his release, there is no constitutional right attached to street-time credits. *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001) (citing Tex. Gov't Code Ann. § 508.283(b)). Thus a petitioner "does not have a liberty interest grounded in either a state law or the Due Process Clause itself that would require the Texas Department of Corrections to credit [his] accrued calender time with the time he appropriately spent on mandatory supervision." *Id.* This state law matched the federal law, which likewise denies a prisoner credit towards his calender time for time spent on parole if the prisoner violates the conditions of his release. *Id.* (citing *United States v. Newton*, 698 F.2d 770, 772 (5th Cir. 1983)).

Petitioner in this case makes a general claim that he is entitled to credit for the six years he contends he spent on mandatory supervision. Petitioner fails to give the Court the specifics of his case, such as when he was released, the amount of good-time credits accrued and flat time served upon his release and to date, the exact amount of street time accrued, when mandatory supervision was revoked, and for what reasons it was revoked. Therefore, the Court is unsure of whether this petition is even timely filed. *See* 28 U.S.C. § 2244(d)(1). Even if it is timely, however, petitioner only makes a broad claim to street-time credits. Because there is generally no constitutional right to street-time credits, petitioner's claim for such is without merit. *See Thompson*, 263 F.3d at 426.

Addressing each of petitioner's claims, petitioner first alleges the TDCJ has violated the Ex Post Facto Clause of the Constitution by failing to credit him with the time he served on supervised release. At the time petitioner was sentenced, in 1985, Texas prisoners had absolutely no right to street-time credits. *See id.* Giving petitioner the benefit of the doubt and assuming he was released after 2001 amendments to the Texas Government Code, he still has never been entitled to his street-time credits.[1] *See Ex parte Keller*, 173 S.W.3d at 495. Therefore, there is no change in the law as it applies to petitioner and no violation of the Ex Post Facto Clause by the TDCJ's application of the law.[2]

Petitioner additionally alleges the TDCJ violated the Texas Government Code by not awarding him street-time credits. The Texas Government Code mandates,

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. *The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation*

Tex. Gov't Code § 508.283(b) (emphasis added). Because he is serving a sentence for an offense (burglary of a habitation) listed in section 508.149(a) of the Texas Government Code, petitioner is not entitled to street-time credits. *See id.* Contrary to petitioner's assertion, refusal to give petitioner the street-time credits is within the State's discretion, as established by the Texas Government Code.

---

[1] Even if petitioner had made a more specific claim to his street-time credits, it is unlikely such a claim would have been successful because petitioner appears to have several more years remaining on his sentence than he spent on supervised release. *See Ex parte Keller*, 173 S.W.3d 492, 495 (Tex. Crim. App. 2005). Moreover, because petitioner's holding conviction appears to be burglary of a habitation, he would likely be classified under section 508.149(a) of the Texas Government Code. *See id.;* Tex. Gov't Code § 508.149 (Vernon Supp. 2007).

[2] The Court notes petitioner bases his argument that he has a liberty interest in his street-time credits on *Ex parte Kuester*, 21 S.W.3d 264 (Tex. Crim. App. 2000), and *Ex parte Millard* (48 S.W.3d 190 (Tex. Crim. App. 2001), both of which have been overruled by the Texas Court of Criminal Appeals. *See Ex parte Hale*, 117 S.W.3d 866 (Tex. Crim. App. 2003).

III.
RECOMMENDATION

Because petitioner does not have a free-standing or a state-created constitutional right to street-time credits, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner STANLEY R. WAY be DENIED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22nd day of October, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely

file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).